In the Matter of the Application of the Administrator of the Goods,
Chattels and Credits of JOSEPH T. LEE, Deceased, for an Inquiry
under Sections 205 and 206 of the Surrogate's Court Act, to
Discover Personal Property Withheld.

Surrogate's Court, Bronx County, July 7, 1928.

**Discovery — proceedings to obtain money on deposit — money was
deposited by decedent in savings bank in his name and name of
respondent — both signed statement that account was their joint
property and that survivor might withdraw entire amount — evidence
does not show that decedent intended to give money to respondent on
his death — money belongs to respondent.**

Money was deposited in a savings bank by the decedent in the name of himself
and a sister, the respondent. At that time both signed a statement to the
effect that either might withdraw the money and that upon the death of one
the survivor could withdraw the entire balance. This was a joint bank account
within subdivision 3 of section 249 of the Banking Law, and the respondent
became entitled to the entire balance upon the death of her brother. Evidence
to the effect that the money was deposited with the intent that it should be the
property of the respondent upon the death of her brother does not overcome
the presumption that the account was a joint one with the right of survivorship.

DISCOVERY proceedings.

*Peter Maynard Horn,* for the petitioner.

*Harry Lupka,* for the respondent.

SCHULZ, S. This was a discovery proceeding in which no answer
was interposed. The evidence discloses that the respondent received
the sum of $120 on account of salary due to the decedent at the
time of his death, but that all of this money was used up for neces-
sary and legitimate expenses as to which no question appears to
be made. She also had in her possession 100 shares of stock of a
mining company which she is willing to turn over to the adminis-
trator, provided the latter files a bond in the sum of $500. This,
I understand, is satisfactory to the petitioner and an order to that
effect may be entered.

The real controversy is over a bank deposit aggregating $5,029.24
in a building loan and savings institution in the names of the
decedent and the respondent, his sister, as follows: "Joseph T.
Lee or Rose A. Lee."

The contention by the respondent is that this was a joint account
and that the moneys evidenced thereby upon the death of the
decedent became her property. She has withdrawn the same and
redeposited them in her own name. The statute upon the subject

is subdivision 3, section 249 of the Banking Law, which is as follows: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

At the time of the opening of the account the decedent and the respondent signed a statement as follows:

" JOINT ACCOUNT — It is understood and agreed by the undersigned that the monies paid on this account and its increment are their joint property and may be withdrawn by the subscribers, or by either of them, or in case of death by the survivor," which appeared on one side of a card and also the following recital upon the other side of such card:
                                        " NEW YORK, 7/9 1923

" I hereby acknowledge receipt of a copy of the By-Laws and Rules of the Serial Building Loan and Savings Institution, and assent to same as they now exist and do consent and agree to abide by all amendments legally made thereto."

The bank book contained the following: "Accounts may be opened in the name of two or more persons. The institution will be liable thereon, in the event of death, to the survivor only; while both are living, payment to either shall discharge its liability to both."

The petitioner claims that testimony given by the respondent to the effect that the decedent told her that he was opening an account for her which she was to get at his death for her acts of kindness and goodness to him during many years, and other similar testimony, negatives the presumption that a joint account with the right of survivorship was intended to be created. I do not agree with that contention. The card signed by both parties distinctly states the contrary, and in my opinion is stronger evidence

of the intent of the parties than the recollection by the respondent as to declarations made by the decedent. This card, coupled with the form of the account and the bank book, is, to my mind, conclusive evidence of the intention to establish a joint account with the right of survivorship.

The petitioner has failed to establish that the property is part of the decedent's estate, and the proceeding is, therefore, dismissed in so far as such account is concerned.

Enter order accordingly.